ROVNER, Circuit Judge,
concurring.
A disagreement about the outcome of this relatively simple case has morphed into a debate over the propriety of appellate courts supplementing the record with Internet research. To be clear, I do not believe that the resolution of this case requires any departure from the record: as the majority opinion makes patently clear, Rowe has consistently maintained that he experiences hours of severe pain if he does not take Zantac with his meals, and at this stage of the proceedings his assertions of extreme pain must be credited. See Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 696 (7th Cir.2011). Given that, I think this case can be decided on the fundamental and unremarkable rule that we give Rowe the benefit of all conflicts and draw all reasonable inferences in his favor as the nonmoving party. E.g., Keller v. United States, 771 F.3d 1021, 1022 (7th Cir.2014). Dr. Wolfe, himself a defendant, cursorily asserted that the timing ought not to matter. But Dr. Wolfe’s self-interested “expert” opinion on this fact is disputed by Rowe’s own personal experience with the timing of the medication, as the majority makes clear. If he informed prison officials that he was in severe pain because he could not'take his medication at particular times and they did nothing about it because they did not care about his pain, that is the very definition of deliberate indifference. See Greeno v. Daley, 414 F.3d 645, 653-54 (7th Cir.2005); Walker v. Benjamin, 293 F.3d 1030, 1039-40 (7th Cir.2002).
Treating the competing claims of Dr. Wolfe and Rowe as disputed at the summary judgment stage is hardly holding that a prisoner’s dissatisfaction with his treatment is always enough to require a jury trial on whether the prison’s medical staff were deliberately indifferent to his pain (dissent at 32). Instead, I believe it falls more comfortably into the category the dissent itself recognizes (dissent at 32-33)-those cases in which prisoners have shown that medical staff persisted in an obviously inadequate course of treatment. E.g., Arnett v. Webster, 658 F.3d 742, 754 (7th Cir.2011) (prescribing inadequate pain medication for condition causing pain and swelling in joints); Berry v. Peterman, 604 F.3d 435, 441-42 (7th Cir.2010) (prescribing over-the-counter medications that did not relieve pain of severe toothache ultimately necessitating root canal); see also Greeno, 414 F.3d at 649-54 (continuing to provide ineffective antacid treatment for severe heartburn). Rowe argued in the district court that he needed an expert precisely because his medical condition is “complicated” and “can appear to be nonseriods to a lay person.” The district court denied Rowe’s motion to appoint an expert, which left Rowe with only his own testimony to counter Dr. Wolfe. That the-manufacturer’s website and other reputable medical web sites support the plausibility of his testimony merely illuminates the factual dispute that exists within the record as we received it; they are not necessary to the outcome. Although the standard for deliberate indifference is high, I have no trouble at this stage of the litigation giving Rowe the benefit of the doubt.